General Counsel
Jonathan E. Nuechterlein

Svetlana S. Gans, DC 478651
P. Connell McNulty, PA 87966
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop: H286
Washington, D.C. 20580
Tel. (202) 326-3708 (Gans)
Tel. (202) 326-2061 (McNulty)
Fax (202) 326-3395
sgans@ftc.gov; pmcnulty@ftc.gov

DAVID B. BARLOW, United States Attorney (#13117)
JARED C. BENNETT, Assistant United States Attorney (#9097)
185 South State Street, #300
Salt Lake City, Utah 84111
Tel.  (801) 524-5682
Fax  (801) 325-3340
Jared.Bennett@usdoj.gov

Attorneys for Plaintiff
Federal Trade Commission

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>   Plaintiff,<br><br>vs.<br><br>APPLY KNOWLEDGE, LLC, et al.<br><br>   Defendants. | CASE NO. _____<br><br>PLAINTIFF'S *EX PARTE* MOTION AND SUPPORTING MEMORANDUM FOR AN ORDER TO TEMPORARILY SEAL THE DOCKET AND ENTIRE FILE<br><br>[FILED UNDER SEAL] |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), respectfully moves *ex parte* for an order temporarily sealing the entire docket and file in this matter, including the Complaint, Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, Asset Freeze, Appointment of a Temporary Receiver, Immediate Access, Other Equitable Relief, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue, and supporting memorandum

("TRO Motion"), and all other pleadings, motions, exhibits, and other papers and materials filed in support thereof, including this Motion. The FTC requests that the seal remain in effect until it has served all Defendants, or until five (5) days following the entry of an order to seal the file, whichever occurs earlier. The seal is necessary to prevent immediate and irreparable harm to the Commission's ability to obtain effective final relief in this matter. In support of this Motion, the FTC submits the following Memorandum of Points and Authorities.

## MEMORANDUM

In support of its *Ex Parte* Motion for an Order Temporarily Sealing the file of this action, the FTC states the following:

1. As alleged in the Complaint, and described more fully in the TRO Motion and accompanying exhibits, Plaintiff, the Federal Trade Commission, brings this action to halt an insidious scheme that has scammed thousands of American consumers out of tens of millions of dollars. Defendants prey on consumers, many of whom are unemployed, elderly, or retired, by promising to help them create a profitable Internet business, operable from home, which will generate thousands of dollars a month in revenue. Consumers buy into these promises and pay thousands —often tens of thousands— of dollars for Defendants' work-at home kits, business coaching services, and purportedly related goods and services. Yet despite Defendants' assurances and "guarantees" of success, most consumers who purchase Defendants' goods and services earn little or no money from their new Internet "businesses," and end up heavily in debt. Defendants operate via a constantly shifting morass of business entities, shell companies, d/b/as, and websites, frequently changing names and entities in order to make it difficult for consumers, credit card companies, and authorities to track them.

2. Defendants' deceptive practices violate Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), as well as multiple provisions of the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, as amended.

3. As is set forth in the Certification of Plaintiff Federal Trade Commission Counsel Svetlana S. Gans Pursuant to Fed. R. Civ. P. 65(b)(1) in Support of Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order, there is good cause for an order temporarily sealing the file in this case. *See* Exhibit A, attached hereto. The FTC requests a temporary seal of the entire file for the same reason that it also seeks an *ex parte* temporary restraining order pending a preliminary injunction hearing –to maintain the status quo and to preserve the possibility of final, equitable relief.

4. A temporary seal will help ensure that Defendants do not receive premature notice of this action directly or through third parties. Entry of an *ex parte* order temporarily sealing the file is consistent with the purpose of Fed. R. Civ. P. 65(b), which permits motions without notice to prevent "immediate and irreparable injury, loss or damage."

5. If Defendants become aware of the FTC's case before the FTC can serve the TRO on third parties that hold assets of Defendants, such as financial institutions and payment processors, there is a substantial risk that Defendants might conceal or dissipate assets or destroy documents, frustrating the Court's ability to provide restitution to the victims of Defendants' unlawful scheme.

6. The public's interest in preserving the Court's ability to award monetary relief outweighs its interest in having access to the judicial records of this matter during the short temporary seal period.

Accordingly, the FTC respectfully requests that the Court enter the accompanying proposed order to seal the entire file and docket in this matter until it has served all Defendants, or until five (5) days following the entry of an order to seal the file, whichever occurs earlier.

Dated: February 10, 2014

Respectfully submitted,

DAVID B. BARLOW
United States Attorney

_____
JARED C. BENNETT
Assistant United States Attorney


General Counsel
Jonathan E. Nuechterlein

_____
Svetlana S. Gans (pro hac vice pending)
P. Connell McNulty (pro hac vice pending)
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop: H286
Washington, D.C. 20580
Tel. (202) 326-3708 (Gans)
Tel. (202) 326-2061 (McNulty)
Fax (202) 326-3395
sgans@ftc.gov
pmcnulty@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION