FILED
U.S. DISTRICT COURT

2014 APR 15 A 8: 58

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

Matthew R. Lewis (7919)
Brett L. Tolman (8821)
Katherine E. Priest (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
   Telephone: (801) 532-1500
   Fax: (801) 532-7543

*Attorneys for Defendants Dahm International, LLC, Dominion of Virgo Investments, Inc., eCommerce Support, LLC, Essent Media, LLC, EVI, LLC, Nemrow Consulting, LLC, Novus North, LLC, Purple Buffalo, LLC, 365DailyFit, LLC, Vensure International, LLC, VI Education, LLC, Jessica Bjarnson, Phillip Edward Gannuscia, Chad Huntsman, Richard Nemrow, Jeffrey Nicol, and Thomas J. Riskas, III*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>APPLY KNOWLEDGE, LLC, et al.,<br><br>Defendants. | **ORDER ~~~~ DISSOLVING TEMPORARY RESTRAINING ORDER AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Case No. 2:14-CV-00088 |

This matter came before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. This Court entered the temporary restraining order on February 11, 2014. This Court received briefing and heard additional argument relating to Plaintiff's Motion

for Preliminary Injunction on Thursday March 20, 2014. Defendants Dahm International, LLC, Dominion of Virgo Investments, Inc., eCommerce Support, LLC, Essent Media, LLC, EVI, LLC, Nemrow Consulting, LLC, Novus North, LLC, Purple Buffalo, LLC, 365DailyFit, LLC, Vensure International, LLC, VI Education, LLC, (the "Essent Media Companies") and Jessica Bjarnson, Phillip Edward Gannuscia, Chad Huntsman, Richard Nemrow, Jeffrey Nicol, and Thomas J. Riskas, III, (the "Essent Media Individuals") (jointly referred to as the "Essent Media Defendants") are represented by counsel, Brett L. Tolman and Matthew R. Lewis. Supplier Source, LLC, eVertex Solutions, LLC, Apply Knowledge, LLC, Ken Sonnenberg, and Babata Sonnenberg, (the "Sonnenberg Defendants") are represented by Jonathan Hafen and Sara Nielson. The Federal Trade Commission is represented by Svetlana S. Gans and P. Connell McNulty.

Based on the evidence and argument presented to the Court,

**THE COURT HEREBY FINDS AS FOLLOWS:**

1. The entered temporary restraining order is overbroad as to all defendants;

2. There is no need for the appointment of a receiver at this time;

3. There is no evidentiary basis for the entry of a temporary restraining order or preliminary injunction as to the Sonnenberg Defendants because the FTC has failed to show a substantial likelihood of success on the merits of its claim that the Sonnenberg Defendants engaged in deceptive or misleading practices under Section 5 of the FTC Act (15 USC § 45) or violated any provision of the Telemarketing Sales Rule (16 CFR Part 310);

4. The FTC has failed to show a substantial likelihood of success on the merits with respect to a common enterprise existing between the Sonnenberg Defendants and the Essent Media Defendants; and

5. The preliminary injunction as to the Essent Media Defendants is unnecessary based on the agreement by the Essent Media Defendants that they will refrain from any business education or training sales during the pendency of this matter.

**ACCORDINGLY IT IS HEREBY ORDERED:**

1. The entered Temporary Restraining Order is dissolved as to all defendants;

2. The appointed temporary receiver is dismissed as to all defendants;

3. The Plaintiff's Motion for Preliminary Injunction is denied as to the Sonnenberg Defendants;

4. The asset freeze as to the Sonnenberg Defendants is immediately lifted, and the FTC and the Receiver are to immediately take all necessary steps to return control of those assets to the Sonnenberg Defendants and to remove any liens on those assets;

5. The Plaintiff's Motion for Preliminary Injunction is denied as to the Essent Media Defendants with the exception that the Essent Media Defendants shall not engage in any sales or marketing of any business education or training product during the pendency of this case;

6. The asset freeze as to the Essent Media Individuals is immediately lifted, and the FTC and the Receiver are to immediately take all necessary steps to return control of those assets to the Essent Media Individuals and to remove any liens on those assets;

7.  The asset freeze as to the Essent Media Companies is immediately lifted, and the FTC and the Receiver are to immediately take all necessary steps to return control of those assets to the Essent Media Companies and to remove any liens on those assets, except for amounts held in the name of any company that marketed business education and training, a portion of which shall remain frozen during the pendency of this action. The amount to be held shall be negotiated by Plaintiff and the Essent Media Companies and shall be submitted to Court for resolution if those parties are unable to reach an agreement; and

8.  Neither the preliminary injunction nor the negotiated asset freeze shall include any funds or assets relating to the Essent Media Defendants' nutraceutical or health and wellness business.

DATED this 14th day of April, 2014.

BY THE COURT:

_____
DEE BENSON
United States District Judge

Approved as to form by:

/s/ Jonathan Hafen
Jonathan Hafen
Sara Nielson
Counsel for Sonnenberg Defendants


_____
Svetlana S. Gans
P. Connell McNulty
Counsel for the Federal Trade Commission

1276505